UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) Magistrate Docket No. |
| Plaintiff, | ) '08 MJ 1 6 6 2 |
| v. | ) COMPLAINT FOR VIOLATION OF: |
| **Jesus CALDERON-Cambray,** | ) Title 8, U.S.C., Section 1326 |
| | ) Deported Alien Found in the |
| | ) United States |
| Defendant | ) |

The undersigned complainant, being duly sworn, states:

On or about **May 23, 2008** within the Southern District of California, defendant, **Jesus CALDERON-Cambray,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Ismael A. Canto
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **27th** DAY OF **MAY, 2008**

Jan M. Adler
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
**Jesus CALDERON-Cambray**

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On May 23 2008, at approximately 4:00 P.M., Border Patrol Agent V. Arguello was performing line watch duties near an area known as "Pink's Drive". This area is approximately three miles west of the San Ysidro, California, Port of Entry and is approximately two hundred yards north of the United States/Mexico International Boundary Fence. "Pink's Drive" is an area notoriously used by illegal aliens to further their illegal entry into the United States. ~~Dispatch advised Agent Arguello via service radio of a seismic intrusion activation. Agent Arguello responded to the reported location and searched the area and observed~~ an individual, who was later identified ~~as~~ defendant Jesus CALDERON-Cambray, lying in nearby brush. The defendant was sweating and appeared to be concealing himself in the brush. Agent Arguello identified himself as a United States Border Patrol Agent and questioned the defendant as to his country of citizenship and nationality. The defendant freely admitted that he was a citizen and national of Mexico and that he possessed no immigration documentation permitting him to enter or remain in the United States legally. At 4:15 PM, Agent Arguello arrested the defendant and subsequently had him transported to the Imperial Beach Border Patrol Station for processing.

[Handwritten interlineations: "Change made per JMA 5/27/08"; "Agent Arguello was en route to assist another agent and observed [an?] individual running north into the brush."]

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to Mexico on May 12, 2008 through Calexico, California. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

Executed on May 25, 2008 at 9:30 a.m.

_____
Tomas M. Jimenez
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 1 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **May 23, 2008** in violation of Title 8, United States Code, Section 1326.

_____     5/25/08 @ 9:46 a.m.
Jan M. Adler                         Date/Time
United States Magistrate Judge